**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lori L Krautstrunk,<br><br>     Plaintiff,<br><br>vs.<br><br>JPMorgan Chase & Company et. al.,<br><br>     Defendants. | No. CV-23-00626-PHX-SPL<br><br>**ORDER** |

   Before the Court is Defendant's Motion to Compel Arbitration and Dismiss Case Without Prejudice (Doc. 19). This Motion is fully briefed. (Docs. 19, 20, 21). For the following reasons, the Motion will be granted.

**I.  BACKGROUND**

   On March 11, 2021, Defendant JPMorgan Chase Bank, N.A. emailed Plaintiff Lori Krautstrunk an employment offer letter (the "Offer Letter") through its electronic system. (Doc. 20 at 2; Doc. 19 at 2). That same day, Plaintiff electronically signed and accepted the Offer Letter. (Doc. 20 at 2–3). In response, Defendant sent Plaintiff a confirmation email on March 12, 2021. (*Id.* at 3). The parties dispute that the Offer Letter included arbitration terms. (Doc. 19 at 2; Doc. 20 at 3). Defendant argues that the Offer Letter Plaintiff electronically signed and accepted included an attached Binding Arbitration Agreement (the "BAA"). (Doc. 19 at 2). The alleged BAA provided that the parties agreed to arbitrate any employment-related claims. (Doc. 19-1 at 11). Plaintiff, however, argues that the electronic acceptance she signed did not mention or explicitly reference any

Alternative Dispute Resolution or arbitration agreement. (Doc. 20 at 3). Further, Plaintiff claims that she did not learn about the arbitration provision until after this action was filed. (*Id.*). Defendant claims Offer Letter is thirteen pages long (Doc. 19-1 at 4–16) and includes the BAA which begins on the eighth page and provides in part:

> **Binding Arbitration Agreement:**
>
> JPMorgan Chase believes that if a dispute related to an employee's or former employee's employment arises, it is in the best interests of both the individual and JPMorgan Chase to resolve the dispute without litigation. Most such disputes are resolved internally through the Firm's Open Communication Policy. When such disputes are not resolved internally, JPMorgan Chase provides for their resolution by binding arbitration as described in this Binding Arbitration Agreement ("Agreement"). "JPMorgan Chase" and the "Firm" as used in this Agreement mean JPMorgan Chase & Co. and all of its direct and indirect subsidiaries.

(Doc. 19-1 at 11). This is the only offer letter filed on the record. However, Plaintiff explains in her declaration that the offer letter she received had a different format and contained less pages. (Doc. 20-1 at 2, ¶ 6). She states that the offer letter she signed consisted of only the first four pages of the Offer Letter. (*Id.* at 3, ¶ 8). Therefore, Plaintiff claims that the only mention of arbitration terms is on the fourth (and final) page of the offer letter she received:

> This offer of employment is subject to all the terms, conditions and attachments included in this document, the Binding Arbitration Agreement and all Firm policies and procedures, including but not limited to the <u>JPMorgan Chase Code of Conduct</u>.

(Doc. 19-1 at 7; Doc. 20 at 4) (emphasis in original). This page of the Offer Letter also includes a signature with a message welcoming Plaintiff to JPMorgan Chase Bank followed by three additional paragraphs that begins with a heading in bold font that states: "**Appendix: Systems Monitoring Activities and Cross-Border Transfers:**" (Doc. 19-1 at 7). Plaintiff's recollection is that this page was formatted differently. She provides in her declaration that the offer letter ended with the signature and did not make any reference to an Appendix or other attachments. (Doc. 20-1 at 3, ¶ 9).

Defendant hired Plaintiff in April 2021. (Doc. 19 at 2; Doc. 20 at 2). Plaintiff was laid off on May 5, 2022. (Doc. 12 at 6, ¶ 50). On April 14, 2023, Plaintiff filed a Complaint alleging that Defendant violated the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (Doc. 1). On August 9, 2023, Defendant moved to compel Plaintiff to submit to arbitration under the alleged BAA and dismiss the case without prejudice. (Doc. 19). On October 31, 2023, the Court held an Oral Argument hearing at which it heard arguments from both parties. (Doc. 23). The Court has further reviewed the briefing, the parties' arguments, and the evidence received in the record, and now addresses Defendant's Motion to Compel Arbitration.

## II.     LEGAL STANDARD

The Federal Arbitration Act ("FAA") "mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (citing 9 U.S.C. §§ 3, 4) (alterations in original). "The court's role under the [FAA] is therefore limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc*., 207 F.3d 1126, 1130 (9th Cir. 2000) (citing 9 U.S.C. § 4) (other citations omitted). "The standard the court applies in making the arbitrability determination is similar to the summary judgment standard, and the court should review the record to determine if the party opposing arbitration has raised any triable issue of fact." *The O.N. Equity Sales Co. v. Thiers*, 590 F. Supp. 2d 1208, 1211 (D. Ariz. 2008).

"Arbitration agreements are presumptively enforceable under the FAA 'save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Taleb v. AutoNation USA Corp*., No. CV06-02013-PHX-NVW, 2006 WL 3716922, at *2 (D. Ariz. Nov. 13, 2006) (quoting 9 U.S.C. § 2). The FAA's saving clause, however, "permits agreements to arbitrate to be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (internal quotation marks omitted). Thus, "[i]n determining the validity of an

agreement to arbitrate, federal courts 'should apply ordinary state-law principles that govern the formation of contracts.'" *Cir. City Stores, Inc. v. Adams*, 279 F.3d 889, 892 (9th Cir. 2002) (citing *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)).

### III.   DISCUSSION

"The summary judgment standard is appropriate because the district court's order compelling arbitration is in effect a summary disposition of the issue of whether or not there had been a meeting of the minds on the agreement to arbitrate." *Hansen v. LMB Mortg. Servs., Inc.*, 1 F.4th 667, 670 (9th Cir. 2021) (citations and quotations omitted). Once the moving party has carried its burden under the summary judgment rule, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986); *see Slade v. Empire Today, LLC*, No. 20-CV-2393 DMS (KSC), 2021 WL 2864813, at *4 (S.D. Cal. July 8, 2021) (granting the defendant's motion to compel arbitration and finding that no reasonable factfinder could find for the plaintiff on the basis of the evidence presented to the court).

The parties do not dispute that a valid signed employment agreement exists. However, the parties dispute whether the employment agreement Plaintiff received included the BAA. Defendant provided several declarations to support that the signed Offer Letter included the BAA. (Docs. 19-1; 19-2; 19-3). These declarations explain that it is Defendant's regular business practice to maintain employee documents and its records show that Plaintiff electronically signed and accepted the Offer Letter which included the BAA. (Doc. 19-1 at 2). Plaintiff, however, believes that the statements in her declaration are sufficient to dispute this evidence. Plaintiff relies on a decision from this District in *Stirrup v. Education Mgmt., LLC*, No. CV-13-01063-TUC-CRP, 2014 WL 4655438, at *10 (D. Ariz. Sept. 17, 2014) to support her argument. In *Stirrup*, the court found that the plaintiff's declaration raised a genuine dispute of material fact and denied the defendant's motion to compel arbitration. *Stirrup v. Educ. Mgmt. LLC*, 2014 WL 4655438, at *11. In that case, the plaintiff stated in her declaration that she did not assent to an arbitration

agreement because she never received any document containing arbitration terms. *Id.* at *10. Moreover, the plaintiff alleged that she was away from her computer at the time the agreement was sent, and she never saw or signed the agreement. *Id.* at *5. These facts are clearly distinguishable from this case.

Unlike the facts in *Stirrup*, the facts here support a finding that Plaintiff assented to the terms in the BAA. First, Plaintiff's declaration states that she received and reviewed the Offer Letter. (Doc. 20-1 at 12, ¶ 4). She also states that she electronically signed the offer. (*Id.* at 3, ¶ 11). Plaintiff, however, claims that "[t]he electronic acceptance-signature that [she] submitted to accept Chase's job Offer did not refer to the terms of any arbitration agreement or dispute resolution process to which [she] was agreeing." (*Id.* at 3, ¶ 13). Nevertheless, Plaintiff recalls seeing a paragraph that stated her offer of employment was subject to the attachments including the binding arbitration agreement. (Doc. 20 at 4). More importantly, Plaintiff admits in her declaration that she only "*skimmed* through the Offer letter" before concluding that it was only four pages long. (*Id.* at 3, ¶ 13) (emphasis added). Plaintiff obviously did not read the Offer Letter in its entirety. Plaintiff may not contest the arbitration agreement simply because she did not fully read the arbitration agreement or does not recall signing it. *See Martinez v. Domino's Pizza LLC*, No. CV-18-02341-PHX-SRB, 2019 WL 13252373, at *2 (D. Ariz. June 27, 2019) (holding that the plaintiff's failure to recall whether he signed the arbitration agreement did not render the agreement unenforceable). Therefore, Plaintiff's declaration does not raise a genuine dispute of material fact. Accordingly, the Court finds that Plaintiff assented to the terms in the BAA.

Plaintiff also argues that the BAA is not enforceable because she recalls receiving only the first four pages of the Offer Letter, which she claims is insufficient notice of the BAA. (Doc. 20 at 7). This is essentially the same argument. At the oral argument hearing, Defendant reiterated that the declarations it submitted explained that the Offer Letter was automatically included in an onboarding package emailed to Plaintiff. (Docs. 19-1, 19-2). This automated email included the Offer Letter with the BAA and was signed by Plaintiff. (Doc. 24-1 at 5). Therefore, Plaintiff's argument that she did not have notice of the BAA

after skimming through the first four pages of the Offer Letter is rejected. Accordingly, the Court finds that the BAA is enforceable, and pursuant to the Offer Letter, Plaintiff must submit her claim to arbitration.

Upon finding that an arbitration agreement is valid and enforceable, the district court "should stay or dismiss the action pending arbitration proceedings to allow the arbitrator to decide the remaining claims, including those relating to the contract as a whole." *Nagrampa v. MailCoups, Inc*., 469 F.3d 1257, 1276–77 (9th Cir. 2006); *see also Sparling v. Hoffman Const. Co.*, 864 F.2d 635 (9th Cir. 1988) (holding that the district court acted within its discretion when it dismissed the claims since all of the claims were subject to arbitration). Since all of Plaintiff's claim must be submitted to arbitration and no pending matters remain, the Court concludes that this action should be dismissed.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Compel Arbitration and Dismiss Case Without Prejudice (Doc. 19) is **granted,** and this case is **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate this action accordingly.

Dated this 6th day of November, 2023.

Honorable Steven P. Logan
United States District Judge